**FEDERAL EXPRESS CORPORATION,**
**Plaintiff-Appellant,**

v.

**TEAMSTER UNION, LOCAL # 85, OF the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS OF AMERICA, SAN FRANCISCO, CALIFORNIA, Defendant-Appellee.**

No. 79–4282.

United States Court of Appeals,
Ninth Circuit.

April 23, 1980.

Scott F. May, Watson, Cox, Arnoult & May, Memphis, Tenn., for plaintiff-appellant.

Patrick Szymanski, Beeson, Tayer & Kovach, San Francisco, Cal., for defendant-appellee.

Before MERRILL, TANG and SCHROEDER, Circuit Judges.

TANG, Circuit Judge:

■ Federal Express Corporation (hereinafter "the Company") appeals from the orders of the district court denying its applications for a preliminary injunction and for an injunction pending appeal. The sole issue on appeal is whether the Norris-LaGuardia Act, 29 U.S.C. §§ 101–115 bars the district court from enjoining the picketing by a union of an employer who is also subject to the Railway Labor Act (RLA), 45 U.S.C. §§ 151 et seq.

## FACTS

The Company, a Delaware corporation, operates an air freight pickup and distribution station in South San Francisco. It is not a party to any collective bargaining agreement with Teamster Local # 85 (hereinafter "Local 85") or with any other labor organization.

Beginning on January 15, 1979, members of Local 85 [1] picketed the Company's South San Francisco facility with signs reading in part: "Notice to Public—the employees of Federal Express work at less than wages and labor standards averaged for the community. Teamsters Local 85." The picketing continued on various dates through the end of March.

The Company applied on March 22, 1979 for a preliminary injunction prohibiting all picketing at the facility. At the hearing held on March 30, 1979, the district court denied the Company's application and rejected the Company's offer to present testimony. The district court found that while Local 85 had conceded that the Company's South San Francisco facility was covered by

the Railway Labor Act,[2] the Norris-LaGuardia Act nonetheless applied to the Company's claim and the court was therefore without jurisdiction to grant the application for preliminary injunction.

The order denying the Company's application was entered on April 10, 1979. The district court on the same date also denied the Company's oral motion for an injunction pending appeal. This appeal from these two orders followed.

We affirm both orders of the district court.

## DISCUSSION

Section 4 of the Norris-LaGuardia Act, 29 U.S.C. § 104(e) and (f), prohibits a court from issuing an injunction to prohibit any person from publicizing a labor dispute by any method not involving fraud or violence or to prohibit any person from assembling peacefully in promotion of his interests in a labor dispute.[3] Section 7 of the Norris-LaGuardia Act, 29 U.S.C. § 107, provides that courts are without jurisdiction to grant injunctive relief unless a hearing is conducted and specific findings of fact are made by the court:

(1) That unlawful acts have been threatened and will be committed unless restrained, or have been committed and will be continued unless restrained;

(2) That substantial and irreparable injury to complainant's property will follow;

(3) That as to each item of relief granted greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief;

(4) That complainant has no adequate remedy at law; and

1. Local 85 represents employees at several companies in the San Francisco area that offer services similar to those offered by the Company.

2. For the purposes of this appeal only, both parties have agreed that the Company is covered by the Railway Labor Act.

3. 29 U.S.C. § 104(e) and (f) provides in pertinent part:

"No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any

case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute . . . from doing, whether singly or in concert, any of the following acts:

"(e) Giving publicity to the existence of, or the facts involved in, any labor dispute, whether by advertising, speaking, patrolling, or by any other method not involving fraud or violence;

"(f) Assembling peaceably to act or to organize to act in promotion of their interests in a labor dispute."

(5) That the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection. See 29 U.S.C. § 107.

■ The Court has held that the Norris-LaGuardia Act is no bar to an injunction in a case for which the RLA provides the process for final decision. *Brotherhood of Railroad Trainmen v. Chicago R. & I. R. Co.*, 353 U.S. 30, 42, 77 S.Ct. 635, 641, 1 L.Ed.2d 622 (1957). When no specific legal command of the RLA is violated, however, the Norris-LaGuardia Act generally deprives the courts of jurisdiction to enter injunctions. *See Order of Railroad Telegraphers v. Chicago & N. W. R. Co.,* 362 U.S. 330, 342, 80 S.Ct. 761, 767, 4 L.Ed.2d 774 (1960).

■ The Second Circuit noted in *Pan American World Airways v. Flight Eng. Intern. Assoc.*, 306 F.2d 840, 846–47 (2d Cir. 1962):

Much has been written on the "accommodation" of the Norris-LaGuardia Act to the Railway Labor Act, but the difficulties of "accommodation" arise only in connection with the compulsions of the Railway Labor Act. Where that Act prohibits (or directs) certain conduct and the Norris-LaGuardia Act forbids an injunction, the contradiction between the two Acts must be reconciled. [citations omitted] But where no compulsion exists under the Railway Labor Act, because its procedures have been exhausted, there can be no question of "accommodation." The limitations of the Norris-LaGuardia Act are plainly applicable. [citations omitted].

Thus, while federal courts may issue injunctions in labor disputes to compel the parties to fulfill their obligations under the RLA, when no such duties exist, the Norris-LaGuardia Act controls.[4] *See Buffalo Forge Co. v. United Steelworkers of America*, 428 U.S. 397, 420, 96 S.Ct. 3141, 3153, 49 L.Ed.2d 1022 (1976), Stevens, J. dissenting.

In the instant case, neither party has pointed to any procedure of the RLA which Local 85 has failed to follow, nor can we find any. The RLA mechanisms relate to disputes between employers and employees or disputes among employees as to representation. The union in this case does not purport to represent any employees, and thus there is no procedure for this dispute under the RLA. In such a circumstance, the provisions of the Norris-LaGuardia Act plainly apply. Although the Norris-LaGuardia Act does confer jurisdiction to issue injunctions in certain very limited circumstances, the Company has made no allegations of any activity rising to the level of such enjoinable conduct. See 29 U.S.C. § 107. The district court was thus correct in denying the Company's applications for injunctive relief.[5]

AFFIRMED.

---

4. *Trans International Airlines, Inc. v. International Brotherhood of Teamsters,* —— F.2d ——, No. 77–3362 (9th Cir. 1980), this court held that a contract provision by which the unions agreed not to strike military flights, even after RLA dispute mechanisms had been exhausted, was not enforceable by injunctive relief:

"Absent a substantial nexus with statutory dispute settlement mechanisms or an agreement to arbitrate, an injunction may not issue to prevent a plain breach of a no-strike clause by a union.

\* \* \* \* \* \*

We do not think *Chicago & N. W. Ry. [v. United Transportation Union*, 402 U.S. 570, 91 S.Ct. 1731, 29 L.Ed.2d 187 (1971)] is authority for abandoning the Norris-LaGuardia Act's anti-injunction provisions whenever a union subject to the RLA has plainly violated its collective bargaining agreement.

5. In *Anderson v. Bigelow*, 130 F.2d 460 (9th Cir.), *cert. denied*, 317 U.S. 690, 63 S.Ct. 265, 87 L.Ed. 552 (1942), this court indicated that an injunction against picketing would have been proper, notwithstanding the provisions of the Norris-LaGuardia Act, had the activities been found to be under the Railway Labor Act. *Id.* 130 F.2d at 461. Similarly, this court stated in *Pan American World Airways, Inc. v. United Bro. of Carpenters and Joiners,* 324 F.2d 217 (9th Cir.), *cert. denied,* 376 U.S. 964, 84 S.Ct. 1122, 11 L.Ed.2d 982, "If strikes or other labor activities imperiling this continuity of transportation occurred in violation of the RLA [Railway Labor Act], they could be enjoined, the Norris-LaGuardia Act excepting such unlawful activities from its prohibition of injunctions." *Id.* at 219. In neither case did this court authorize an injunction, however, but rather found that the activities were not covered by the Railway Labor Act.